**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBIN CAMERON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AMERICAN ELECTRIC POWER SERVICES )<br>CORPORATION, a New York corporation )<br>qualified to do business in Oklahoma, and )<br>KEMPER NATIONAL SERVICES, INC., a )<br>Delaware corporation Qualified to do business )<br>in Oklahoma, BROADSPIRE NATIONAL )<br>SERVICES, INC., a Delaware corporation )<br>qualified to do business in Oklahoma, )<br>CENTRAL AND SOUTH WEST SERVICES, )<br>INC., a foreign corporation, and PUBLIC )<br>SERVICE COMPANY OF OKLAHOMA, an )<br>Oklahoma corporation, CENTRAL AND )<br>SOUTH WEST CORPORATION )<br>EMPLOYEES' DISABILITY INCOME PLAN, )<br>)<br>Defendants. ) | Case No. 04-CV-948-GKF-SAJ |

**OPINION AND ORDER**

Before the court is the Motion for Summary Judgment of Public Service Company of Oklahoma ("PSO") [Dkt. #44]. PSO seeks summary judgment with respect to the claim of plaintiff Robin Cameron ("Cameron") for wrongful termination of employment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Insurance Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995). The movant for summary

judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the nonmovant bears the burden of pointing to specific facts in the record "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.*

PSO seeks summary judgment on three (3) grounds: (1) any claim Cameron believes she has under the Americans with Disabilities Act ("ADA") must fail due to her failure to first file a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC"); (2) Cameron has failed to identify how her termination violated public policy; and (3) to the extent the wrongful termination claim is related to ERISA, it is preempted.

At her deposition on February 28, 2007, Cameron stated for the first time that her termination violated the ADA. Such a claim must fail because it has not been pled. Moreover, a plaintiff must first file a charge of discrimination with the EEOC as a prerequisite to federal court jurisdiction. *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). Because Cameron never filed a charge with the EEOC, she may not bring an ADA claim.

Cameron alleges a claim of wrongful termination in her Amended Complaint [Dkt. #8, ¶ 16]. In her response brief, she identifies the claim as a state law *Burk* tort. However, neither the Amended Complaint nor the response brief identifies the Oklahoma public policy goal Cameron contends was violated. The Supreme Court of Oklahoma has recognized a limited public policy exception to the general rule of at-will employment in which a plaintiff may state a claim for wrongful discharge. *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24. To prevail on a claim for wrongful discharge in violation of Oklahoma's public policy, a plaintiff must first identify an Oklahoma public policy goal that is well established, clear and compelling, and articulated in existing constitutional, statutory, or jurisprudential law. *Silver v. CPC-Sherwood Manor, Inc.*, 2004

OK 1, 84 P.3d 728, 729; *Barker v. State Ins. Fund*, 2001 OK 94, 40 P.3d 463, 468. Cameron has failed to identify any such Oklahoma public policy goal. Moreover, Cameron admits she cannot perform her job with or without accommodation. The termination of her employment cannot, therefore, be wrongful.

Cameron asserts in her response brief filed April 23, 2007, that she was terminated in retaliation for "pursuing her remedies under the LTD [long-term disability] Plan." A state law wrongful termination claim relating to an ERISA plan is preempted. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990). Section 510 of ERISA makes it "unlawful for any person to discharge . . . a participant . . . for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . ." 29 U.S.C. § 1140. The Supreme Court has stated that § 502(a) of ERISA is "[t]he exclusive remedy for vindicating § 510-protected rights." *Ingersoll-Rand Co.*, 498 U.S. at 145. Based upon its analysis of *Ingersoll-Rand*, the U. S. District Court for the Eastern District of Michigan has held that "a state law cause of action which purports to set forth a claim that a person has been discharged . . . for claiming . . . her right to receive . . . ERISA benefits, falls directly under the exclusive remedy Congress created in § 510." *Graf v. DaimlerChrysler Corp.*, 190 F. Supp. 2d 1002, 1008 (E.D. Mich. 2002). This court concludes that Cameron's *Burk* tort claim for wrongful termination in retaliation for "pursuing her remedies under the LTD Plan" is preempted by ERISA.

Even if plaintiff had pled a claim for violation of her rights expressly protected by ERISA's § 510 – which she did not do – she must state a prima facie cause of action under § 510. The Seventh Circuit has articulated three prima facie elements of a § 510 claim: (1) plaintiff belongs to the protected class; (2) plaintiff was qualified for her job position; and (3) plaintiff was discharged

under circumstances providing some basis for believing the prohibited intent to retaliate was present. *Grottkau v. Sky Climber, Inc.*, 79 F.3d 70, 73 (7th Cir. 1996). In this case, Cameron admits in her deposition that she could not go back to work in her former job and that there is no job she can perform at a PSO property, with or without reasonable accommodation. Cameron therefore fails to satisfy the second element of a prima facie case for wrongful discharge under § 510.[1]

Cameron did not plead that PSO breached an oral promise of continued employment. However, in her deposition in February of 2007, Cameron stated that an employee in the human resources department, Jay Loegering, told Cameron in February of 2001, that "if you do become well, we will continue to pay you if we don't have a job to give you that is comparable to your other job . . . ." Cameron contends in her response brief that the statement constituted a representation "of continued employment by an agent of the employer authorized to make such a decision." [Dkt. # 53-1, p. 1]. However, Cameron has never sought re-employment and admits she cannot perform her job with or without accommodation. In addition, the alleged oral agreement is too vague and indefinite to be an enforceable employment contract. *Hayes v. Eateries, Inc.*, 905 P.2d 778, 783 (Okla. 1995). PSO is entitled to summary judgment on Cameron's claim of wrongful termination based upon the alleged oral promise of continued employment.

---

[1] Cameron simultaneously argues that (1) she is completely disabled for the purposes of her ERISA claim, and (2) that she was wrongfully terminated while being otherwise qualified to perform her job. In *Bollenbacher v. Helena Chemical Co.* the U.S. District Court for the Northern District of Indiana held that the plaintiff could not prove he was "qualified for his job position" to establish a prima facie case under § 510 when "it is impermissibly inconsistent with . . . prior assertions of total disability." *Bollenbacher v. Helena Chemical Co.*, 934 F. Supp. 1015, 1031 (N.D. Ind. 1996). The *Bollenbacher* court held that a plaintiff who claims to be totally disabled should be judicially estopped from asserting an ADA claim based on the same facts. *Id.* at 1027-28. Although unnecessary for the purposes of this motion for summary judgment, this court agrees.

**WHEREFORE**, defendant PSO's Motion for Summary Judgment [Dkt. #44] is **GRANTED**.

**IT IS SO ORDERED** this 29th day of May 2007.

*/s/ Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma